IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELANIE BAILEY,

                Plaintiff,         Case No. 3:08 CV 2866

    -vs-

                                        MEMORANDUM OPINION
COMMISSIONER OF SOCIAL SECURITY        AND   ORDER

                Defendant.

KATZ, J.

      This matter is before the Court on the Motion for Attorney Fees (Doc. No. 31) filed by Plaintiff's Counsel David E. Friedes ("Counsel"). Counsel seeks $11,159.25 in legal fees under a contract for representation in pursuit of Social Security benefits. This Court, pursuant to the Joint Stipulation of the parties and the Report and Recommendation of the Magistrate Judge reversed the decision of the Commissioner and remanded pursuant to sentence four of 42 U.S.C. §405(g). Doc. No. 27. Counsel then successfully sought attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $3,408.76. Doc. No. 30.

      On remand, Plaintiff has been awarded past due benefits. Counsel now seeks a portion of those benefits as his fee. Under the contract between Counsel and Plaintiff, Counsel is entitled to a contingency fee of twenty-five percent of any award of past due benefits (here, $19,159.25) for work done at the district court level. Administratively, Counsel has already been awarded $8,000. Defendant has responded only to the extent of opposing an award of the full $19,159.25 at this level, but not to an award of $11,159.25. Doc. No. 32. Counsel clarified that he seeks only $11,159.25. Doc. No.33.

      Twenty-five percent of a past due benefits award is the maximum allowed by law. 42 U.S.C. §406(b). The Court may only award fees for work done at the district court level; fees for

work done at the administrative level must be set separately. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). Here, Counsel has been awarded $8,000 administratively and has thus reduced the fee he seeks accordingly. Further, he has also acknowledged that he will have to refund the EAJA award to Plaintiff should the fee award under 42 U.S.C. §406(b) exceed that amount. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citations omitted).

In the case of an agreement dictating a contingency fee of twenty-five percent of past due benefits awarded, such an award will receive a rebuttable presumption of reasonableness. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Such rebuttal must take the form of either improper/ineffective representation or windfall to counsel due to excessive award or minimal required effort. *Id.* Here, there is no question of improper conduct. Defendant asserts that an award of $19,159.25 would be a windfall. However, that amount is not at issue.

While comparisons to hourly rates can be only part of a windfall analysis, here such analysis shows that the requested fee award would not be a windfall. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). Counsel submitted a description of 20.2 hours spent on this case before this Court; this translates to an hourly rate of $552.44. Counsel has also represented that his normal rate for hourly work is $210. In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Here, the award would translate to an hourly rate closer to three times Counsel's normal hourly rate, but since Defendant has not objected, Counsel is only asking for just under fifteen percent of the past due benefits awarded, and a significant portion of

2

the fee[1] will be offset for Plaintiff by Counsel's refund of the EAJA fee, the Court finds insufficient reason to overcome the rebuttable presumption of reasonableness and will award the fee requested by Counsel.

Plaintiff's Counsel's Motion for Attorney Fees is granted. (Doc. No. 31). Plaintiff's Counsel is awarded attorney's fees in the amount of $11,159.25. Further, Counsel shall remit the previously awarded Equal Access to Justice Act award of $3,408.76 to Plaintiff.

IT IS SO ORDERED.

                                               s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE

---

[1] The hourly rate equivalent for Counsel's request net of the EAJA award is $383.69, clearly less than the double award floor.